UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHILLIPS 66 COMPANY,

        Plaintiff,                            Case No. 15-cv-12164

v                                                Honorable Thomas L. Ludington

THE JOHN A. KARBOWSKI TRUST, et al.,

        Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT, DENYING DEFENDANT FOSTER BLUE'S MOTION FOR SUMMARY JUDGMENT AS MOOT, GRANTING DEFENDANT FOSTER BLUE LEAVE TO FILE AN ADDITIONAL MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S RULE 56(D) MOTION AS MOOT**

On June 15, 2015, Plaintiff Phillips 66 Company filed this action against Defendant Karbowski Oil Company, a Michigan corporation, Defendant Foster Blue Water Oil, LLC, Defendant Jeffrey Karbowski, and Defendant The John A. Karbowski Trust. ECF No. 1. Plaintiff raises five claims against Defendants: (1) Breach of Contract against Karbowski Oil; (2) Breach of Account Stated; (3) Unjust Enrichment/Quantum Meruit; (4) Conversion; and (5) Fraudulent Transfer in violation of the Uniform Fraudulent Transfer Act, M.C.L.A. §§ 5561.31 et seq. ("UFTA"). *Id*.

Plaintiff now moves to amend its complaint, seeking to remove its claims of conversion against all Defendants and its claim of personal guarantor liability against Defendant John Karbowski. ECF No. 26. Plaintiff also seeks to add a claim of successor liability against Defendant Foster Blue Oil. *Id*. In its response, Defendant Foster Blue argues that Plaintiff's proposed successor liability claim would be futile. ECF No. 34. Based on the following,

Plaintiff's motion for leave to file an amended complaint will be granted in part and denied in part.

I.

In its proposed amended complaint, Plaintiff Phillips 66 alleges the following factual allegations. On or about May17, 2012, Defendant Karbowski Oil entered into a contract with ConocoPhillips Corporation, under which Karbowski Oil agreed to purchase and pay for related products from ConocoPhillips (the "Contract"). Pl.'s Mot. to Amend Ex. 1 ¶ 8 [hereinafter Proposed Am. Compl.]. Subsequently, in May, 2012, ConocoPhillips spun off its downstream assets to form Phillips 66. *Id.* ¶ 9. ConocoPhillips assigned all of its rights, title and interest in the Contract to Phillips 66. *Id.*

In September of 2012, a representative of Phillips 66 sent an email to Defendant Karbowski Oil's controller, Bill Ankoviak, expressing concerns about outstanding invoices totaling $165,440.07 owed to Phillips 66. *Id.* ¶ 11. Ankoviak did not respond to the email. However, Phillips 66 later learned that Karbowski Oil had ceased to operate its petroleum business and had sold all its assets. *Id.* ¶ 28.

On or around October 10, 2012, Ankoviak informed Phillips 66 that Karbowski Oil's assets has been sold to Defendant Foster Blue and that Karbowski oil consequently did not have funds to pay its debt to Phillips 66. *Id.* at ¶ 12. Ankovich also informed Phillips 66 that both he and Defendant Jeffrey Karbowski had become employees of Defendant Foster Blue. *Id.* Phillips 66 then discovered that Karbowski Oil's website had begun redirecting to Defendant Foster Blue's website. *Id.* at ¶ 26. The complaint alleges nothing more about the circumstances of Karbowski Oil, including whether it has sought to dissolve or windup its affairs under Michigan law.

After receiving this information, Phillips 66 attempted to draft Karbowski Oil's bank accounts for the outstanding invoices. *Id*. ¶ 13. On October 15, 2012 those drafts were returned due to insufficient funds in Karbowski Oil's bank account. *Id*. ¶ 14. Phillips 66 then sent a written demand to Karbowski Oil, demanding the full and immediate payment of all Karbowski Oil's outstanding invoices. *Id*. ¶ 29. Phillips 66 sent an additional written demand demanding the full and immediate payment of all outstanding invoices on December 16, 2013. *Id*. Phillips 66 then initiated the present suit on June 15, 2015, alleging that all of Karbowski Oil's assets were sold to Defendant Foster Blue after Karbowski Oil's debt to Phillips 66 arose. *Id*. ¶ 15. Phillips 66 also alleges that Defendant Foster Blue did not pay adequate consideration for the assets, and that the sale was completed with intent to hinder, delay, or defraud Phillips 66. *Id*. ¶ 16-20. Phillips 66 therefore claims that it is still owed the full value of the outstanding invoices, or $165,440.07.

## II.

Phillips 66 now seeks to add a claim of successor liability against Defendant Foster Blue. ECF No. 26. Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal citations and quotations omitted). Factors that courts should consider when determining whether to grant leave to amend include "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment…." *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973). "Decisions as to when justice requires amendment are left to the sound

discretion of the trial judge[.]" *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 591 (6th Cir. 1990).

**A.**

As an initial matter, in its reply to its motion to amend, Plaintiff argues that the Court should not consider Defendant Foster Blue's response, and should strike Defendant Foster Blue's response from the record because it was not filed within 14 days, as required by Local Rule 7.1. This request is itself a violation of the local rules, however. Local Rule 5.1.1(a) provides that all papers filed electronically are governed by the Court's ECF Policies and Procedures. The Court's Policies and Procedures in turn provides that a "reply to a motion must not be combined with a counter-motion. Papers filed in violation of this rule will be stricken." R5(e). Here, by requesting that the Court refuse to consider Defendant Foster Blue's untimely response and strike the response from the record, Plaintiff impermissibly requests affirmative relief in a responsive pleading.

All filings must comply with the Local Rules, which are available both in print and online. The parties may order print copies from the Clerk's Office, E.D. MICH. L.R. 1.3, or they may access the rules at http://www.mied.uscourts.gov/Rules/LocalRules/civilRules.cfm. For the purposes of this motion, because it is early in motion practice for the case, both Foster Blue's response and Phillips 66's reply will be considered.

**B.**

Defendant Foster Blue argues that Plaintiff's proposed addition of a successor liability claim against it would be futile. Defendant Foster Blue is incorrect in its assertion that, pursuant to *Riverview Health Institution LLC v. Medical Mutual of Ohio*, a proposed amendment must meet a "heightened pleading standard." 601 F.3d 505 (6th Cir. 2010). In fact, the *Riverview*

*Health* Court specifically explained, on two separate occasions, that "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health,* 601 F.3d at 512, 519 (internal citation and quotation marks omitted). The Court will apply the deferential, notice pleading standard required by Rule 12(b)(6) to Plaintiff's proposed successor liability claim.

**i**.

A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert*, 517 F.3d at 439. The pleader need not have provided "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, (quoting *Twombly*, 550 U.S. at 570).

**ii**.

Michigan has adopted the traditional rule of successor liability, under which the successor in a merger ordinarily assumes all of its predecessor's liabilities, but a purchaser of assets for cash does not. *Foster v. Cone–Blanchard Mach. Co.*, 597 N.W.2d 506, 509 (Mich. 1999). A purchaser of assets for cash does however assume its predecessor's liabilities in five narrow circumstances: (1) express or implied assumption of liability; (2) de facto consolidation

or merger; (3) fraud; (4) transfer lacking good faith or consideration; and (5) mere continuation or reincarnation of the old corporation. *Id*. at 509-10.

In its proposed amended complaint, Plaintiff alleges that a de facto merger has occurred between Foster Blue and Karbowski Oil, and that Foster Blue is a mere continuation of Karbowski Oil. *See* Pl.'s Mot. to Amend Compl. Ex. A. ¶¶ 80-81. In support of this conclusion, Plaintiff alleges that Foster Blue has taken over the business, employees and operations of Karbowski Oil, acquired all of Karbowski Oil's assets, continued Karbowski Oil's operations and business in the same facilities, redirected Karbowski Oil's website to its own, employed Karbowski Oil's senior management and/or owners, and paid Karbowski Oil's debt to the John A. Karbowski Trust. *Id*. ¶¶ 74-79. In this way, Plaintiff also alleges that Defendant Foster Blue implicitly assumed liability for Karbowski Oil's debts by paying off a preferred creditor.

**a.**

Plaintiff first seeks to add a claim of successor liability against Defendant Foster Blue under the de facto merger exception. The de facto merger exception is an equitable remedy that looks beyond the asset purchase at issue. The relevant inquiry "investigates whether a transaction labeled 'Asset Purchase Agreement' in fact constituted a merger—a determination that does not arise purely from the agreement itself." *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 464 (3d Cir. 2006). "The overriding goal of successor liability, and of the de facto merger inquiry, is to balance 'the interest in preventing tortfeasors from externalizing the costs of their misconduct' with 'the interest in a fluid market in corporate assets."' *United States v. Gen. Battery Corp.*, 423 F.3d 294, 306 (3d Cir. 2005) (*citing E.E.O.C. v. Vucitech*, 842 F.2d 936, 944 (7th Cir.1988)).

For the de facto merger exception to apply, a plaintiff must allege the following:

> (1) There is a continuation of the enterprise of the seller corporation, so that there is a continuity of management, personnel, physical location, assets, and general business operations; (2) There is a continuity of shareholders which results from the Purchasing corporation paying for the acquired assets with shares of its own stock, this stock ultimately coming to be held by the shareholders of the seller corporation so that they become a constituent part of the purchasing corporation; (3) The seller corporation ceases its ordinary business operations, liquidates, and dissolves as soon as legally and practically possible; and (4) The purchasing corporation assumes those liabilities and obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the seller corporation.

*Turner v. Bituminous Cas. Co.,* 244 N.W.2d 873, 879 (Mich. 1976).

Defendant Foster Blue argues that Plaintiff has not alleged facts sufficient to satisfy the second prong – continuity of ownership. "The standard applied in most states recognizes continuity of ownership where the shareholders of the seller corporation ... become a constituent part of the purchasing corporation." *Gen. Battery,* 423 F.3d at 306 (internal quotations and citation omitted). The standard requires only continuity, not identity, of ownership, and is satisfied where owners of a predecessor enterprise become a constituent part of a successor corporation "by retaining some ongoing interest in their assets." *Id*.

Plaintiff Phillip 66 has made no allegation that the owners of Karbowski Oil retained any ongoing interest or ownership in the assets purchased by Foster Blue. Accordingly, Plaintiff's allegation of de facto merger could not survive a motion to dismiss, and would be futile. Plaintiff therefore may not include a claim of successor liability under the de facto merger exception in its amended complaint.

**b.**

Plaintiff also seeks to add a claim of successor liability under the mere continuation exception. "Mere continuation" is a cousin of piercing the corporate veil, and thus targeted at limiting abuse of the corporate form…." *C.T. Charlton & Associates, Inc. v. Thule, Inc.*, 541 F.

App'x 549, 554 (6th Cir. 2013). In determining whether the mere continuation exception applies, courts applying Michigan law must "examine the totality of the circumstances and engage in a multi-factor analysis." *Stramaglia v. United States*, 377 F. App'x 472, 475 (6th Cir. 2010). Crucial to this inquiry is whether there is (1) common ownership between the predecessor and successor; and (2) transfer of substantially all of the assets of the predecessor to the successor. *Id*. Because Plaintiff has made no allegation that there was common ownership between Foster Blue and Karbowski Oil, its proposed allegation of mere continuation is futile, and such a claim may not be included in Plaintiff's amended complaint.

**c.**

Plaintiff may add its allegation that Foster Blue implicitly agreed to assume liability for Karbowski Oil's debts. The Michigan Court of Appeals has held that "such a finding may be made where the conduct or representations relied upon by the party asserting liability indicate an intention on the part of the buyer to pay the debts of the seller." *Antiphon, Inc. v. LEP Transp., Inc.*, 454 N.W.2d 222, 225 (Mich. Ct. App. 1990). In its proposed amended complaint, Plaintiff alleges that Foster Blue has paid off one of Karbowski Oil's creditors. This allegation is sufficient to raise a claim that Foster Blue impliedly accepted liability to Karbowski Oil's other creditors under the deferential 12(b)(6) standard. While Plaintiff may need to show more to survive a motion for summary judgment, its allegation is sufficient to surmount the low bar to amend its complaint.

**III**.

Accordingly, it is **ORDERED** that Plaintiff's motion to amend its complaint, ECF No. 26, is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Plaintiff is **GRANTED LEAVE** to file its proposed amended complaint with a claim of successor liability under the "express or implied assumption of liability" exception on or before **November 20, 2015**. Plaintiff's amended complaint may not include claims of successor liability under the de facto merger or mere continuation exceptions.

It is further **ORDERED** that Defendant Foster Blue's Motion for Summary Judgment, ECF No. 22, is **DENIED as moot**.

It is further **ORDERED** that Defendant Foster Blue is **GRANTED LEAVE** to file one additional motion for summary judgment.

It is further **ORDERED** that Plaintiff's Rule 56(d) motion for an extension of time to respond to Defendant Foster Blue's motion for summary judgment, ECF No. 27, is **DENIED as moot**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: November 13, 2015

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 13, 2015.

s/Michael A. Sian  
MICHAEL A. SIAN, Case Manager